*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
November 30, 2023

v

MICHAEL JAMES HILTON,

        Defendant-Appellant.

No. 363093
Tuscola Circuit Court
LC No. 21-015399-FC

Before: RIORDAN, P.J., and CAVANAGH and GARRETT, JJ.

GARRETT, J. (*concurring*).

Because I am bound by *People v Gibbs*, 299 Mich App 473, 487-488; 830 NW2d 821 (2013), I agree with the majority opinion that the trial court did not err by scoring offense variable (OV) 13 at 25 points.[1] I write separately to question whether *Gibbs*' interpretation of OV 13 is consistent with the relevant statutory language.

OV 13 involves a "*continuing pattern* of criminal behavior." MCL 777.43(1) (emphasis added). 25 points are assessed when the defendant engaged in "a pattern of felonious criminal activity involving 3 of more crimes against a person." MCL 777.43(1)(c). The Legislature instructed sentencing courts that when scoring OV 13, "all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a).

*Gibbs* involved a defendant convicted of three counts of robbery that arose out of a single criminal episode. *Gibbs*, 299 Mich App at 487. Rejecting the defendant's challenge to the assessment of 25 points for OV 13, this Court held that "there is nothing in the language of MCL 777.43(1)(c) to support [the] argument that multiple convictions arising from the same incident cannot be considered for scoring OV 13." *Id*. I disagree.

---

[1] I also agree with the rest of the majority opinion.

The Legislature did not define "pattern of felonious criminal activity," MCL 777.43(1)(c), nor "continuing pattern of criminal behavior," MCL 777.43(1). But as we noted in *People v Carll*, 322 Mich App 690, 704-705; 915 NW2d 387 (2018),

> [t]he word "continuing" clearly refers to an event or process that takes place over time. *Merriam-Webster's Collegiate Dictionary* (11th ed.) defines "continuing" as "to keep going or add to." It defines "pattern" as "a reliable sample of traits, acts, tendencies, or other observable characteristics of a person . . . ."

We held in *Carll* that a single felonious act, even one that harms multiple victims, does not constitute a pattern that justifies scoring 25 points for OV 13. *Id*. at 704. Similarly, three felonious acts committed at nearly the same time does not necessarily constitute a "continuing pattern." Indeed, the Legislature's intention that all crimes within a *five-year* period be counted for OV 13 reflects its understanding that a "continuing pattern" generally requires the passage of time. Three felonious acts committed moments apart, however, is neither a pattern, nor one that is continuing.

In this case, defendant's three convictions rested on three separate felonious acts: being armed with a dangerous weapon; assaulting the victim with that weapon; and taking the victim's car. Under *Gibbs*, those three contemporaneous acts, arising out of a single criminal episode, constitute "a pattern of felonious criminal activity." I therefore agree that the trial court's assessment of 25 points for OV 13 must be affirmed.

/s/ Kristina Robinson Garrett